IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD BARROSO, (TDCJ-CID #1452245) | § § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION H-13-3671 |
| STATE OF TEXAS, *et al.*, | § § § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

Richard Barroso, a state prisoner, sued in December 2013. Barroso seeks to compel the respondent, the State of Texas, to provide him with the record of his criminal trial and with certain adaptive equipment.

On December 4, 2013, Barroso filed a motion for injunctive relief, (Docket Entry No. 1), a motion for federal-court intervention, (Docket Entry No. 3), and a motion for appointment of counsel, (Docket Entry No. 4). Barroso alleged that he was denied access to the courts, discriminated against based on his disabilities, denied access to records relating to his 2007 criminal trial, and convicted despite a lack of evidence. Because it appeared that Barroso was challenging the conditions of his confinement, his pleading was construed as a civil rights complaint under 42 U.S.C. § 1983. On January 30, 2014, this court ordered Barroso to submit copies of a complaint by **March 3, 2014,** using attached forms. The court granted Barroso's application to proceed *in forma pauperis*, assessed an initial partial filing fee of $4.35, and instructed him to pay the balance of $345.65 in periodic installments. The court also denied Barroso's motion for injunctive relief, (Docket Entry No. 1), motion for federal-court intervention, (Docket Entry No. 3), and motion for

counsel, (Docket Entry No. 4), without prejudice to reconsideration after compliance with the court's order.

On February 24, 2014, Barroso filed a "Motion for Court's Reconsideration of Mechanism § 1983 and Extraordinary Circumstances Needing Prior Motions Reentered and Other Considerations." (Docket Entry No. 11). Barroso stated that he did not want to file a civil rights action under 42 U.S.C. § 1983 because that would "delay" proceedings. He also stated that he should not be required to pay any filing fee. (Docket Entry No. 11, p. 1). At the same time, he clarified that he is not seeking release from custody.

Barroso's statement that he is filing neither a civil-rights damages suit nor a habeas application appears to clarify that he is asking the court to order the State of Texas to perform certain acts. These acts are to provide him with the records of his 2007 criminal trial from Fort Bend County and to provide him with adaptive equipment for his disabilities. (*Id.* at 2-3). Barroso stated that he needs the trial records to file a state habeas application challenging his 2007 conviction.

Barroso's pleadings appear to be a petition seeking a writ of mandamus against the State of Texas. This court lacks jurisdiction to do so.

Federal district courts are courts of limited jurisdiction. *See Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1286 (5th Cir. 1997); *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). The only authority for a federal district court to issue a writ of mandamus is under 28 U.S.C. § 1361, which states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The respondent in this case is the State of Texas. The State is not a federal officer, agent, or employee and is not

subject to the statutory mandamus authority of this court. This court lacks jurisdiction to hear or issue Barroso's request for relief.[1]

Barroso's application for leave to proceed *in forma pauperis,* (Docket Entry No. 2), is granted. This court's previous order on the filing fee, (Docket Entry No. 9), is vacated. Barroso's petition for a writ of mandamus is denied. Remaining pending motions are denied as moot.

SIGNED on March 17, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] Because Barroso's complaint has aspects of an action seeking habeas corpus relief, the filing-fee provisions of the PLRA do not apply. *Santee v. Quinlan,* 115 F.3d 355 (5th Cir. 1997); *Strickland v. Rankin Cnty. Corr. Facility,* 105 F.3d 972, 974 (5th Cir. 1997). *See United States v. Cole,* 101 F.3d 1076, 1077 (5th Cir. 1996) (the PLRA does not apply to 28 U.S.C. § 2255 proceedings because habeas proceedings, though technically civil, are in reality hybrid cases whose nature is not adequately captured by the phrase "civil action").